

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–13–886

|  |  |
|---|---|
| | **Opinion Delivered** January 29, 2014 |
| CHRYSTAL CASTILLO-CHAVEZ<br>APPELLANT | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT<br>[No. JV-2012-34] |
| V. | |
| | HONORABLE KEN D. COKER, JR., JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**LARRY D. VAUGHT, Judge**

This is a no-merit appeal from an order terminating Chrystal Castillo-Chavez's parental rights to her children, DH (dob June 10, 1997), HH (dob August 30, 1998), and IH (dob May 12, 2001).[1] Chavez's appellate counsel has filed a brief and a motion to withdraw under *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Ark. Sup. Ct. R. 6-9(i) (2013). Chavez was provided a copy of her counsel's brief and motion, and she was given an opportunity to file pro se points but has declined to do so. Neither the Arkansas Department of Human Services (DHS) nor the attorney ad litem filed a responsive brief. We affirm and grant counsel's motion.

---

[1]The trial court also terminated the parental rights of HH and IH's putative father, Juan Castillo-Chavez. (The father of DH is unknown.) Juan did not appear at the termination hearing and has not appealed the order terminating his parental rights.

SLIP OPINION

DH, HH, and IH came into DHS custody on March 2, 2012, based on allegations of inadequate shelter and Chavez's drug use. An adjudication order, entered May 16, 2012, found the children dependent-neglected based on those allegations and ordered Chavez to submit to random drug screens, complete parenting classes, obtain and maintain stable and appropriate housing and employment, and submit to and successfully complete outpatient drug treatment. Additionally, Chavez was permitted to visit the children contingent on negative drug screens. The order further reflected that DHS made referrals to Chavez for a drug and alcohol assessment, which led to referrals for outpatient and inpatient drug treatment. It was noted in the adjudication order that DHS also made referrals for counseling, conducted random drug screens and a hair-follicle test, and offered parenting classes.

In April 2013, DHS petitioned to terminate Chavez's parental rights, alleging that it was in the best interest of the juveniles, including consideration of the likelihood that they would be adopted if the termination petition was granted and the potential harm caused by returning the children to the custody of the parent. DHS further alleged that grounds as set forth in Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*)[2] and (vii)(*a*)[3] (Supp. 2013) supported the termination.

---

[2]The ground set forth in Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*) provides that a juvenile has been adjudicated by the court to be dependent-neglected and has continued to be out of the custody of the parent for twelve months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that caused removal, those conditions have not been remedied by the parent.

[3]The ground set forth in Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) provides that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.



At the July 9, 2013 termination hearing, Chavez's caseworker testified that DHS was recommending termination of Chavez's parental rights. Specifically, the caseworker said that Chavez attended the intake for counseling, but she did not complete the scheduled sessions; she completed parenting classes; she did not attend outpatient drug treatment; and she completed inpatient drug treatment. The caseworker said that while Chavez completed the inpatient drug treatment and started a voluntary follow-up drug-free program, she discontinued it within a few days. The caseworker testified that in four posttreatment drug screens (one just a couple of weeks before the termination hearing), Chavez tested positive for methamphetamine. A hair-follicle test was also positive for methamphetamine. Chavez's caseworker said that Chavez lived in seven different places during the case, she spent seventy-seven days in jail, and visited her children only thirteen times despite seventy-one opportunities. The caseworker told the trial court that the children were adoptable, there were no impediments to adoption, and that DHS had identified families interested in two of the children. Based on this evidence, the trial court granted DHS's petition to terminate Chavez's parental rights to DH, HH, and IH, finding that DHS had proved by clear and convincing evidence both grounds alleged in the petition. This no-merit appeal followed.

In compliance with *Linker-Flores*, and Rule 6-9(i), Chavez's counsel ordered the entire record and examined it for adverse rulings. Counsel listed the two adverse rulings in this case—the trial court's denial of Chavez's motion for a continuance and the decision to terminate Chavez's parental rights—and has adequately discussed why there is no arguable merit to an appeal of these rulings. After carefully examining the record and the no-merit brief, we hold that

Chavez's counsel has complied with the requirements for a no-merit parental-rights-termination appeal and that the appeal is wholly without merit. We therefore affirm the termination of Chavez's parental rights to DH, HH, and IH by memorandum opinion, *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985), and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

GRUBER and WHITEAKER, JJ., agree.

*Deborah R. Sallings*, Arkansas Public Defender Commission, for appellant.

No response.

SLIP OPINION